Gary LABARBERA, Lawrence Kudla, Thomas Gesualdi, Paul Gattus, Theadore King, Chester Broman, Frank Finkel, and Joseph Ferrara, as Trustees and Fiduciaries of the Local 282 Welfare Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds, Plaintiffs,

v.

HUBBARD EQUIPMENT CORP. and J.E.T. Resources, Inc., Defendants.

No. CV 01–4039(ADS).

United States District Court, E.D. New York.

Jan. 15, 2003.

Friedman & Wolf, New York, NY, by Amie Ravitz, of Counsel, Attorneys for the Plaintiffs.

Law Offices of Robert M. Ziskin, Commack, NY, by Richard Barry Ziskin, of Counsel, Attorneys for Defendant Hubbard Equipment Corp.

Zisholtz & Zisholtz, Mineola, NY, by Stuart S. Zisholtz, of Counsel, Attorneys for Defendant J.E.T. Resources, Inc.

SPATT, District Judge.

Presently before the Court is the plaintiffs' application for attorneys' fees and costs.

On June 13, 2001, the plaintiffs, who are the trustees of the Local 282 benefit funds, commenced this action against Hubbard Equipment Corp. and J.E.T. Resources, Inc. ("JET") (collectively, the "defendants") to compel JET to post a surety bond or its equivalent pursuant to a collective bargaining agreement ("agreement"). According to the plaintiffs, JET previously posted bonds for the union, and in May of 2000, a bond expired and was never renewed, in violation of the agreement.

On May 8, 2002, JET appeared before United States Magistrate Judge E. Thomas Boyle and indicated that it would not be posting a bond because it was no longer in business. On August 5, 2002, the parties appeared before this Court for a bench trial. During the trial, the Court stated that it would grant a judgment by default in favor of the plaintiffs by directing JET to file a bond or its equivalent. Counsel for the plaintiffs informed the Court that they were entitled to attorneys' fees and costs under ERISA pursuant to 29 U.S.C. § 1132(g)(1), which provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Court reviewed Section 1132(g)(1) and expressed doubt that attorneys' fees and costs could be recovered under this provision in this action. The Court then directed counsel for the plaintiffs to submit an application for attorneys' fees and costs and to provide authority substantiating that such fees could be recovered in an action for a surety bond. On August 13, 2002, the Court signed the judgment against JET.

■ On August 16, 2002, the plaintiffs filed their application for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). The plaintiffs seek fees in the amount of $7,033.00 and costs in the amount of $285.86. In support of their application, the plaintiffs rely on the factors that district courts consider in exercising its discretion under 29 U.S.C. § 1132(g)(1): (1) the degree of the offending party's bad faith or culpability; (2) the ability of the offending party to satisfy an award of attorneys' fees; (3) whether an award of fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of pension plan participants. *Chambless v. Masters, Mates and Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir.1987).

■ In response, JET disregards the plaintiffs' reliance on the five factors and contends that 29 U.S.C. § 1132(g)(1) specifically applies to attorneys fees involving a claim for benefit funds. JET argues that because this case involves an action for a surety bond, the plaintiffs are not entitled to attorneys' fees under Section 1132(g)(1). In reply papers, the plaintiffs explain that 29 U.S.C. 1132(g)(1) gives the district court discretion in awarding attorneys' fees and costs to a party in an action under ERISA. The plaintiffs argue that because this action seeks to enforce a provision of the collective bargaining agreement and trust agreement between Local 282, International Brotherhood of Teamsters, and various employers, to which the funds are third-party beneficiaries, attorneys' fees and costs are permitted under 29 U.S.C. § 1132(g)(1).

The plaintiffs provide not a single case substantiating their claim that attorneys' fees and costs are permitted under Section 1132(g)(1) in an action for a surety bond. The Court notes it could find no authority in support of the plaintiffs' position. Instead, it appears that Section 1132(g) is intended to be remedial in nature. *Greenblatt v. Delta Plumbing & Heating Corp.,*

849 F.Supp. 247, 251 (S.D.N.Y.1994), *rev'd on different grounds*, 68 F.3d 561 (2d Cir. 1995). Courts have explained that section 1132(g) " 'arose out of an acute concern over the adverse impact of delinquencies on employee benefit plans and was intended to discourage failure to make payments when due.' " *Id.* (quoting *Central States, Southeast & Southwest Areas Pension Fund v. Alco Express Co.*, 522 F.Supp. 919, 930–31 (E.D.Mich.1981)). As such, the purpose of Section 1132(g) is not applicable to a surety bond because it "does not involve the hiring of labor or the payment of benefits." *Id.* Thus, Section 1132(g) does not support an award of attorneys' fees and costs for an action for a surety bond. Accordingly, the plaintiffs' application for attorneys' fees and costs is denied.

**SO ORDERED.**