**Marlene ELLIOTT, on behalf of her son Henry Elliott, Plaintiff,**

v.

**BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT, Defendant.**

No. 02–CV–6250L.

United States District Court, W.D. New York.

Dec. 2, 2003.

Jonathan Feldman, Public Interest Law Office of Rochester, Rochester, NY, for Plaintiff.

Donald T. Schmitt, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Marlene Elliott, brought this action on behalf of her son Henry Elliott ("Henry") pursuant to § 504 of the Rehabilitation Act of 1973 ("the Act"), 29 U.S.C. § 794. Plaintiff alleged that defendant, the Board of Education of the Rochester City School District ("the District"), had

violated § 504 by not developing a plan to accommodate Henry, who has been diagnosed with depression and bipolar disorder.

In June 2003, the parties entered into a settlement agreement, which provided in part that "[t]he Plaintiffs shall be considered prevailing parties for the purpose of moving for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d)." Reply Decl. of Jonathan Feldman (Docket # 23), Ex. A ¶ 2. Plaintiffs have now moved for attorney's fees in the amount of $31,064. That figure represents 150.8 hours of work by plaintiff's attorney at an hourly rate of $205, plus $150 in costs. Defendant does not oppose an award of some fees, but contends that the requested amount is excessive for several reasons.

## DISCUSSION

The Act's fee-shifting provision states that "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). As stated, there is no dispute here that plaintiffs are prevailing parties, so that the Court has discretion to award them attorney's fees. Under § 794a(b) and similar fee-shifting statutes a prevailing plaintiff is ordinarily entitled to receive a fee award. *See, e.g., Hawkins v. 1115 Legal Service Care,* 163 F.3d 684, 694 (2d Cir.1998) (discussing 42 U.S.C. § 1988 and Title VII); *Guckenberger v. Boston University,* 8 F.Supp.2d 91, 99 (D.Mass.1998) (Rehabilitation Act).

■ The court's normal starting point for calculating attorneys' fees to be awarded to a prevailing civil rights plaintiff is the calculation of a so-called "lodestar" figure, which is arrived at by multiplying "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see Cruz v. Local Union No. 3,* 34 F.3d 1148, 1159 (2d Cir.1994). The District challenges the fee request, contending that the hours spent on the litigation were excessive as is the claimed hourly rate. The Court must determine if the fee request is reasonable. This includes an examination of the time spent, as well as the hourly rate.

■ As to the rate charged—$205 an hour—I find that rate to be a reasonable one for plaintiff's counsel in this litigation. The lodestar should be based on "prevailing market rates," *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), for comparable attorneys of comparable skill and standing in the pertinent legal community. The fact that plaintiffs were represented by a non-profit law office does not mean that counsel's hourly rate should be lower than if he were at a for-profit firm, since "Congress did not intend the calculation of the awards to vary depending on whether the plaintiff was represented by private counsel or by a nonprofit legal services organization." *Blum,* 465 U.S. at 894, 104 S.Ct. 1541. "That a nonprofit legal services organization may contractually have agreed not to charge *any* fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party in a § 1983 action, calculated in the usual way." *Blanchard v. Bergeron,* 489 U.S. 87, 95, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

Plaintiff's counsel's experience and expertise in this type of litigation warrant the rate of $205. Plaintiff's attorney is hardly a neophyte, but an experienced litigator with expertise in education law. Attorneys with such expertise can command fees in excess of $200—a fact attested to by three experienced attorneys in the

same community who submitted affidavits in support of plaintiff's fee application. Those affidavits confirmed that plaintiff's requested rate was consistent with prevailing market rates. Furthermore, the District apparently agreed to pay plaintiff's counsel at the rate of $205 in another case. (Reply Declaration of Jonathan Feldman, Dkt. # 23, ¶ 16).

█ Plaintiff requests that the fee be based on current rates and not historical ones. I agree. The litigation has spanned two years and plaintiff is entitled to utilization of current rates in order to compensate him for the delay in payment. *Savoie v. Merchants Bank,* 166 F.3d 456, 464 (2d Cir.1999); *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 764 (2d Cir.1998).

The next issue is whether the time expended by plaintiff's counsel is reasonable. There are several issues that must be addressed on this point.

█ First of all, the District contends that the fee request is unreasonable, since the fee request, over $31,000, far exceeds the settlement payment of $2,000. This argument ignores Second Circuit precedent. The degree of success in such a proceeding is not to be measured by the amount of the verdict or settlement. *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 426 (2d Cir.1999). The *Quaratino* court and others recognize that to limit fee awards as the District suggests would chill the ardor of attorneys taking cases to vindicate important civil and constitutional rights.

In this case, plaintiff received in settlement what she sought from the beginning, approximately $2,000 to reimburse plaintiff for the cost of the educational program that she was forced to provide because the District neglected and refused to do so. Plaintiff's counsel is entitled to the reasonable time spent prosecuting the litigation and the fee should not be reduced because it exceeds the monetary amount achieved.

The District cannot complain because substantial legal time was expended on the matter in spite of the fact that the ultimate payment by the District was $2,000. That sum was what plaintiff requested from the beginning and plaintiff made overtures to settle the case for that amount in September 2001 and again after the administrative hearing. Certainly, the District is not required to settle every claim made against it but, when it forces parties to litigate and those parties prevail, the District cannot avoid its responsibility for fees because plaintiff was forced to expend time to overcome the District's objections.

█ Defendant next contends that the time spent on the litigation by plaintiff's counsel is excessive. There are several factors to consider here. First of all, simply because plaintiff's counsel spent the time does not necessarily mean such time was reasonable. Hours that are "excessive, redundant, or otherwise unnecessary" are to be excluded, *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *See, e.g., Hensley,* 461 U.S. at 437 n. 12, 103 S.Ct. 1933; *Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986); *New York State Ass'n for Retarded Children, Inc. v. Carey* ("*NYSARC*"), 711 F.2d 1136, 1147–48 (2d Cir.1983). In this case, plaintiff has submitted time records for 150.8 hours. Fees in this case were incurred in two settings: proceedings prior to and during the administrative hearing, and the federal court action which followed the adverse decision at that hearing. The District appears to recognize that plaintiff's counsel is entitled to fees for legal work done in connection with the administrative hearing that preceded the federal court litigation. *See Counsel v. Dow,* 849 F.2d

731 (2d Cir.) *cert. denied,* 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988); *Murphy v. Arlington Central School Dist. Bd. of Educ.,* 2003 WL 21694398 (S.D.N.Y. July 22, 2003).

There was substantial work performed at the administrative level. Plaintiff's counsel did submit a brief to the hearing officer and there were three days of hearings, on December 20, 2001, February 8, and April 4, 2002. The hearing itself consumed approximately fifteen hours. The federal court action was commenced in May 2002, and the matter was settled about a year later, on June 16, 2003. It appears that there was only one court appearance before Magistrate Judge Feldman and no court appearances before this Court.

■ Plaintiff has exercised some billing judgment and seeks no fees for the work of other attorneys in his office who consulted on this case, and he makes no request for time spent by paralegals. The Court, nevertheless, finds that some of the time is excessive in light of the nature of the case. Plaintiff's counsel spent substantial time on a post-hearing brief before the hearing officer and a summary judgment motion was also filed in this Court. The District suggests that there is some duplication in these submissions. It is true the issues to some extent were different, but I believe that there was some duplication in the effort. Attorneys, like plaintiff's, with obvious expertise in this area should not need excessive additional time to prepare briefs covering similar material. The District cites the rather general, vague categories in the time sheets submitted by plaintiff. I tend to agree that the hours spent in "review" (48.7 hours) and "analysis" (26.4 hours) seems excessive.

In sum, after reviewing the papers submitted on the fee application and considering the nature of the case, plaintiff's attorney's expertise and the time reasonably necessary to prosecute the action, I believe that some of the time spent is excessive and redundant and, therefore, not reasonable. Some reduction is appropriate. This Court (*see, e.g., Sabatini v. Corning–Painted Post Area School Dist.,* 190 F.Supp.2d 509, 522 (2001)) and other courts (*see, e.g., NYSARC v. Carey,* 711 F.2d at 1146) have established that a court has discretion to simply deduct a reasonable percentage of the number of hours claimed to effect the necessary reduction. Courts need not evaluate and rule on each and every entry in a fee application. Using this approach, in this case I believe a reduction of 10% (about 15 hours' worth) is warranted. Therefore, the Court awards $27,958, plus $150 in costs.

## CONCLUSION

Plaintiff's motion for attorney's fees (Docket # 19) is granted in part and denied in part. Plaintiff is awarded attorney's fees and costs in the amount of $28,108. That amount shall be paid by defendant within thirty (30) days of the date of entry of this Decision and Order.

IT IS SO ORDERED.