369 F.3d 224
 Gary LABARBERA, Lawrence Kudla, Thomas Gesualdi, Paul Gattus, Theodore King, Chester Broman, Frank Finkel, and Joseph J. Ferrara, as Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation, and Sick Leave Trust Funds, Plantiffs-Appellants,
v.
CLESTRA HAUSERMAN INC., Dasgowd Inc., Diamond Point Exc. Corp., Durso Trans. Corp., Falcon Steel Co., Gulgar Trucking, Inc., Hubbard Equipment Corp., J.E.T. Resources, Inc., Kelmar Construction, LLP, and Laurelwood Landscape Construction, Inc., Defendants-Appellees.
 Docket No. 03-7814.
 United States Court of Appeals, Second Circuit.
 Argued May 11, 2004.
 Decided May 20, 2004.
 
 Eugene S. Friedman, Friedman & Wolf (William Anspach, Elise S. Feldman, on the brief), New York, NY, for Plaintiffs-Appellants.
 Stuart S. Zisholtz, Zisholtz & Zisholtz, LLP, Mineola, NY, for Defendant-Appellee J.E.T. Resources, Inc.
 Before: WALKER, Chief Judge, OAKES and POOLER, Circuit Judges.
 JOHN M. WALKER, JR., Chief Judge.
 
 
 1
 Plaintiffs-appellants, Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation, and Sick Leave Trust Funds, appeal the refusal by the United States District Court for the Eastern District of New York (Arthur D. Spatt, District Judge) to consider exercising its discretion under 29 U.S.C. § 1132(g) to award them attorneys' fees. The district court believed that it was without discretion to award attorneys' fees under the statute. Plaintiffs-appellants had brought a successful action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., compelling defendant-appellee employer J.E.T. Resources, Inc. ("J.E.T.") to provide a surety bond under a collective bargaining agreement. See Labarbera v. Hubbard Equip. Corp., 239 F.Supp.2d 299, 300 (E.D.N.Y.2003). Because we find that the attorneys' fees provision of ERISA allows the district court to exercise its discretion in granting plaintiffs-appellants' application for attorneys' fees, we vacate and remand for further proceedings.
 
 
 2
 We assume familiarity with the facts of the case and recite only the relevant details here. See Labarbera, 239 F.Supp.2d at 299-301. On June 13, 2001, plaintiffs-appellants commenced an action against J.E.T. to compel it to post a surety bond or its equivalent pursuant to a collective bargaining agreement between the parties.[1] Plaintiffs-appellants sued under a federal cause of action conferred by 29 U.S.C. § 1132(a)(3), a provision of ERISA allowing a civil action to be brought by a fiduciary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this title or terms of the plan." 29 U.S.C. § 1132(a)(3). On May 8, 2002, J.E.T. indicated that it would not post a bond because it was no longer in business. The district court conducted a bench trial on August 5, 2002, and granted a default judgment in favor of plaintiffs-appellants directing J.E.T. to file a bond or its equivalent. Subsequently, upon consideration of plaintiffs-appellants' application for attorneys' fees pursuant to § 1132(g)(1), the court concluded that it did not have discretion to award such fees. This appeal followed. Although it contested plaintiffs-appellants' application for attorneys' fees in the court below, J.E.T. did not submit a brief on this appeal or appear for oral argument. J.E.T. contends that it is defunct and does not have assets to pay any judgment that may result from this litigation.
 
 
 3
 The provision for attorneys' fees under ERISA is found in § 1132(g), which provides as follows:
 
 
 4
 (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
 
 
 5
 (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [§ 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan —
 
 
 6
 (A) the unpaid contributions,
 
 
 7
 (B) interest on the unpaid contributions ...
 
 
 8
 . . .
 
 
 9
 (D) reasonable attorney's fees and costs of the action, to be paid by the defendant ...
 
 
 10
 29 U.S.C. § 1132(g).
 
 
 11
 Plainly, subsection (g)(1) provides that "the court in its discretion may allow" the award of reasonable attorneys' fees and costs to either party "[i]n any action under this subchapter" (encompassing 29 U.S.C. §§ 1001 to 1191), with one exception. The exception occurs when the action is of the kind "described in paragraph (2)," an enforcement action under § 1145 for unpaid contributions and accrued interest, in which the ERISA plan receives a judgment in its favor. In that case, the statute renders fees and costs mandatory: "the court shall award the plan" reasonable fees and costs. 29 U.S.C. § 1132(g)(2).
 
 
 12
 In the case before us, the district court refused to exercise its discretion under § 1132(g) because it believed that the statute could not be construed to support the award of attorneys' fees in the context of an action to compel the posting of a surety bond. See Labarbera, 239 F.Supp.2d at 300-01. We review the district court's statutory interpretation of § 1132(g)(1) de novo. See Levy v. Southbrook Int'l Investments, Ltd., 263 F.3d 10, 14 (2d Cir.2001).
 
 
 13
 We conclude that the district court erred because the text of § 1132(g)(1), while it does not mandate attorneys' fees, unambiguously authorizes the district to award them. The language of the statute is unequivocal: when an underlying ERISA action falls within the relevant subchapter, other than an action for delinquent contributions, a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Here, because the underlying action by plaintiffs-appellants was by a fiduciary to compel an employer to post a surety bond pursuant to 29 U.S.C. § 1132(a)(3), it plainly fell within the relevant subchapter. Section 1132(g)(2) — the fees provision associated with suits arising out of delinquent contributions — is wholly inapposite.[2] Accordingly, we vacate and remand.
 
 
 14
 On remand, the district court must consider plaintiffs-appellants' application for fees anew. We have instructed district courts exercising discretion under § 1132(g)(1) to undertake the five-factor inquiry set forth in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir.1987), and to be mindful that "ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights, even when small amounts are involved," id. at 872.
 
 CONCLUSION
 
 15
 For the foregoing reasons, the judgment of the district court is hereby VACATED and the case is REMANDED to the district court for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 There were nine other defendants in the original action; all were eventually dismissed from the suit. The only relevant claim here is the one against J.E.T
 
 
 [2]
 The district court relied on another district court case,Greenblatt v. Delta Plumbing & Heating Corp., 849 F.Supp. 247, 251 (S.D.N.Y.1994), to arrive at its conclusion that "Section 1132(g) is not applicable to a surety bond." Labarbera, 239 F.Supp.2d at 301. We reversed the district court in Greenblatt for lack of subject matter jurisdiction; thus, the district court's authority is of no precedential value. See Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561 (2d Cir.1995). Moreover, that case addressed attorneys' fees awards under § 1132(g)(2), not § 1332(g)(1) — the only relevant provision at issue here. See id. at 567. Nothing in the plain language of § 1132(g)(1) supports the district court's conclusion that courts may not consider attorneys' fees applications when the underlying action was brought under ERISA's § 1132(a)(3) to compel an employer to post a surety bond.