Gary LaBARBERA, Lawrence Kudla, Thomas Gesualdi, Paul Gattus, Theadore King, Chester Broman, Frank Finkel, and Joseph Ferrara, as Trustees and Fiduciaries of the Local 282 Welfare Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds, Plaintiff,

v.

J.E.T. RESOURCES, INC., Defendant.

No. CV 01–4039(ADS)(ETB).

United States District Court,
E.D. New York.

Nov. 4, 2005.

Friedman & Wolf by Elise S. Feldman, Of Counsel, New York, NY, for Plaintiffs.

Zisholtz & Zisholtz by Stuart S. Zisholtz, Of Counsel Spatt, District Judge, Mineola, NY, for Defendant J.E.T. Resources, Inc.

### *MEMORANDUM OF DECISION AND ORDER*

SPATT, District Judge.

Before the Court is a disturbing application for attorneys' fees. After having unsuccessfully moved for modest attorneys' fees of $7,033 before this Court, the plaintiffs successfully appealed that decision and now seek an additional sum of more than $90,000 in attorneys' fees. As set forth below, the Court is unwilling to approve such a large sum in attorneys' fees for a relatively straightforward and single issue appeal. Looking into the future, it is

conceivable that there may be a motion filed for attorneys' fees for the appeal of the reduction of attorneys' fees on the appeal of the decision not to grant attorneys fees. This invariably leads to the question, when will these multiplicitous requests for attorneys' fees come to an end?

## I. *BACKGROUND*

The background of this case is set forth in this Court's Order dated January 15, 2003, familiarity with which is assumed. For purposes of clarity, some relevant facts and procedural history will be restated. On June 13, 2001, the plaintiffs, who are the trustees of the Local 282 benefit funds, commenced this action against J.E.T. Resources, Inc. ("JET" or the "defendant"), under the provisions of the Employee Retirement Income and Security Act ("ERISA") to compel JET to post a surety bond or its equivalent pursuant to a collective bargaining agreement (the "agreement"). According to the plaintiffs, JET previously posted bonds for the benefit of the union. However, in May of 2000, a bond expired and was never renewed, in violation of the agreement.

On May 8, 2002, JET appeared before United States Magistrate Judge E. Thomas Boyle and indicated that it would not be posting a bond because it was no longer in business. On August 5, 2002, the parties appeared before this Court for a bench trial. During the trial, the Court stated that it would grant a judgment by default in favor of the plaintiffs by directing JET to file a bond or its equivalent. Following the trial, counsel for the plaintiffs moved for attorneys' fees in the amount of $7,033.00 and costs in the amount of $285.86 under 29 U.S.C. § 1132(g)(1), which provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee

and costs of action to either party." On January 15, 2003, the Court concluded that section 1132(g) did not support an award of attorneys' fees and costs for an action on a surety bond and denied the plaintiffs' request. The plaintiffs appealed from that decision.

On May 20, 2004, the Second Circuit vacated the judgment and remanded the case for the Court to consider anew plaintiffs' application for attorneys' fees. The Second Circuit found that § 1132(g)(1) unambiguously authorizes the district court, in its discretion, to award attorneys fees. The Second Circuit instructed that the Court should, in exercising its discretion under § 1132(g)(1), "undertake the five-factor inquiry set forth in *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir.1987), and to be mindful that 'ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights, even when small amounts are involved,' id. at 872." *Labarbera v. Clestra Hauserman, Inc.,* 369 F.3d 224, 227 (2d Cir.2004).

On March 18, 2005, the plaintiffs filed their application for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). The plaintiffs now seek fees in the amount of $100,448.00 and costs in the amount of $4,913.14. The Court notes that counsel for the plaintiffs expended an additional 371.25 hours totaling $93,415.00 in attorneys' fees during the appeal in this case. However, the Court notes that it is only able to identify a total of 342.5 hours spent on the appeal from the time slips attached as an exhibit to the attorney's declaration.

## II. *DISCUSSION*

### A. WHETHER TO AWARD ATTORNEYS' FEES

Under ERISA, an award of attorneys' fees and costs is within the sound

discretion of the trial court. *Peterson v. Continental Cas. Co.*, 282 F.3d 112, 122 (2d Cir.2002). In making the determination, the Court ordinarily looks to five factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. *Locher v. UNUM Life Ins. Co. of Am.*, 389 F.3d 288, 298 (2d Cir.2004); *Salovaara v. Eckert*, 222 F.3d 19, 27–28 (2d Cir.2000); *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987).

In arguing that the Court should award attorneys' fees, the plaintiffs rely on the factors that district courts consider in exercising its discretion under 29 U.S.C. § 1132(g)(1) that were set forth in *Chambless*. In response, JET ignored the plaintiffs' reliance on the five *Chambless* factors and renewed its argument—one rejected by the Second Circuit—that because this case involves an action for a surety bond the plaintiffs are not entitled to attorneys' fees under Section 1132(g)(1). JET apparently does not contest the reasonableness of the hours spent by plaintiffs' counsel or the fees charged. In addition, although at the trial its counsel stated that it was no longer in business, JET did not submit any evidence to support a contention that it has insufficient funds to pay the fees.

In addressing the first and fourth factors set forth in *Chambless*, the plaintiffs noted the degree of the defendant's bad faith and the lack of merit in its position in this litigation. Prior to this lawsuit, the defendant failed to respond to the plaintiffs' numerous attempts to obtain a surety bond or a settlement of the issue. After commencement of the action, the defendant repeatedly indicated its intention to comply with the bond provision of the collective bargaining agreement, but nevertheless continually refused to post a surety bond or settle the action and the case proceeded to trial. At the trial, the merits of the action were essentially uncontested. JET was a party to a collective bargaining agreement with Local 282 that required it to post a surety bond in favor of the Fund. In fact, JET failed to renew a previously posted surety bond. After a one day trial, judgment was entered against the defendant in the amount of $10,000, which was the amount of the bond.

■ However, viewing this case as a whole, on appeal, the defendant's position had merit. After examining the issue, this Court determined that section 1132(g) does not support an award of attorneys' fees and costs in an action to compel a surety bond because it "does not involve the hiring of labor or the payment of benefits." *Id.* Therefore, the defendant's position on appeal was meritorious in that it was supported by the Court's decision under what appeared to be the plain meaning of the statute. In addition, there is no way to characterize JET's defense of the Court's position during the course of the appeal as "bad faith litigation."

■ The second factor also weighs in favor of not awarding attorneys' fees to the plaintiffs. Although the defendant does not submit evidence as to their financial condition in this motion, from the record it is clear that JET was no longer in business prior to the trial. With reasonable certainty, it appears that JET has no ability to post a bond or satisfy an award of attorneys' fees, and in particular, an award of more than $100,000.

■ With regard to the third factor, the Court notes that an award of $100,000 in attorneys' fees on an action to compel the posting of a bond for $10,000 "would deter" other persons from not only acting similarly, but possibly from entering into business in the first place. The Court declines to endorse the use of attorney-fee shifting statutes as a remedial measure in a punitive manner.

As to the fifth factor in *Chambless*, the plaintiffs noted that enforcement of the surety bond provision of the collective bargaining agreement ensures the collection of contributions to the Local 282 Trust Fund and ultimately benefits the participants of the Fund.

Considering all of the factors and circumstances of this case, the Court finds that the plaintiffs are entitled to the fees and costs in the amount of $7,033.00 that were incurred during the initial litigation at the district court level. However, as with any other award under section 1132(g)(1), an award of attorneys' fees and costs in connection with an appeal is discretionary. *See, e.g., Peterson*, 282 F.3d at (choosing not to reallocate the fees and costs incurred on an appeal). Here, the fees and costs submitted for the appeal were grossly excessive and will be substantially reduced as set forth below.

## B. WHAT IS A REASONABLE FEE?

Although the defendant did not contest the reasonableness of the hours expended or the rate charged, the Supreme Court has stated that the Court retains the discretion to determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 946, 103 L.Ed.2d 67 (1989) ("It is central to the awarding of attorney's fees ... that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case.").

■ It is clear that the Court must undertake its own independent examination of the billing records and calculate a reasonable fee award based upon the relevant factors. The Supreme Court set forth the rules for determining a prevailing party's fee in the seminal case of *Hensley* and stated that "the amount of the fee ... must be determined on the facts of each case." *Id.* 461 U.S. at 429, 103 S.Ct. 1933, 76 L.Ed.2d 40. Two important factors in the determination of a "reasonable" fee are the number of hours reasonably expended multiplied by a "reasonable" hourly rate. In this regard:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Id.* at 433, 103 S.Ct. 1933.

Further, the Court stated that the district court should exclude from this initial fee calculation the hours that were not "reasonably expended," as follows:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94–1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. *Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary,*

just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall,* 641 F.2d 880, 891 (1980).

*Id.* at 434, 103 S.Ct. 1933 (emphasis added).

 In that regard, the Court has carefully scrutinized the plaintiffs' attorney declaration, time slips and billing records, and the Court finds that the expenditure of time and the amount of the fee charged for the appeal in this case was excessive. The Plaintiffs submitted contemporaneous time slips that reflect 478.75 hours spent on the total litigation. The two associates and one partner that did the majority of the work charged approximately $250 and $350 per hour, respectively. In total, counsel requests a total fee in the amount of $100,448.00. Of this amount, the sum of $93,415.00 was billed in appealing the Court's order that denied attorneys' fees in the amount of $7,033.00. Even though a fee may not "be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation . . .," *Kassim v. City of Schenectady,* 415 F.3d 246, 252 (2d Cir.2005), the court has discretion to reduce the amount if it determines that the hours and rate charged are superfluous or unreasonable. *See Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir.1997).

The Court is generally cognizant of the amount of hours it may take to litigate an appeal that contains many complicated issues. *See, e.g., Garden State Auto Park Pontiac GMC Truck, Inc. v. Electronic Data Sys. Corp.,* 31 F.Supp.2d 378, 385–86 (D.N.J.1998)(finding it reasonable to spend 241.4 hours on an appeal that involved an extensive appellate brief containing a "myriad of issues" as well as preparation and attendance at mediation prior to the disposition of the appeal). In contrast to the issues in *Garden State,* this case involved a simple and straightforward appeal that was solely related to the Court's denial of their motion for attorneys' fees. The amount of the fees was not disputed. The appeal only contained one narrow issue, namely, whether the Court had discretion to award attorneys' fees under section 1132(g)(1) in an action to compel a surety bond. In addition, this was the same issue that was fully briefed by the parties when the issue was before this Court in the original motion for attorneys' fees. As such, the expenditure of more than three hundred of hours on the appeal was totally unnecessary and excessive.

 As such, the Court finds it appropriate to reduce the number of compensable hours charged by counsel. Ordinarily, a reduced award of attorneys' fees is either based upon the court's lodestar calculation or the balancing of the *Chambless* factors. *Seitzman v. Sun Life Assurance Co. of Canada, Inc.,* 311 F.3d 477, 487 (2d Cir.2002). In addition, when there is a fee application containing excessive hours, it is within the discretion of the district court to make an across the board percentage reduction. "Courts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application. These courts have endorsed percentage cuts as a practical means of trimming fat from a fee application." *NYSARC v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983).

Following this procedure, courts in this Circuit and elsewhere have made percentage reductions of fee awards where there was excessive billing. *See Copeland v. Marshall,* 641 F.2d 880, 903 (D.C.Cir.1980) (22% reduction); *S.E.C. v. Goren,* 272 F.Supp 2d 202, 213 (E.D.N.Y.2003) (hours reduced by 30%); *Elliott v. Board of Education of City of Rochester,* 295 F.Supp.2d 282 (W.D.N.Y.2003) (10% reduction in

hours); *Sabatini v. Corning–Painted Post Area School Dist.,* 190 F.Supp.2d 509, 522 (W.D.N.Y.2001) (hours for total non-travel items reduced by 15%).

After review of the papers submitted on the fee application and considering the nature of the case, the factors discussed above, and the time reasonably required to litigate the appeal in this case, the Court is of the view that a portion of the time spent by plaintiffs' counsel was unnecessary and that the fee was excessive. Under these circumstances, a district court has the discretion to deduct a reasonable percentage of the hours claimed to effect the necessary reduction. In this regard, Courts need not evaluate and rule on each and every entry. Accordingly, the Court finds that a reduction of 50% of the hours claimed on the appeal by the plaintiffs' counsel is warranted.

■ Further, the rate charged by the firm is outside the acceptable range of reasonableness considering the facts and circumstances of the appeal. The rates charged by counsel ($250–$350 per hour) are unreasonably high for legal services in the Eastern District of New York. For example, in 1998 the Second Circuit held that rates of $200 for partners, $135 for associates, and $50 for paralegals are reasonable rates for legal services in the Eastern District of New York. *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir.1998); *see also Luciano,* 109 F.3d at 111–112 (collecting cases); *Association for Retarded Citizens v. Thorne,* 68 F.3d 547, 554 (2d Cir.1995); *Cruz v. Local Union No. 3, Int'l. Brotherhood of Electrical Workers,* 34 F.3d 1148, 1160 (2d Cir.1994); *I.L.G.W.U. National Retirement Fund v. ESI Group, Inc.,* No. 92–0597, 2003 WL 135797, at *3 (S.D.N.Y. Jan.17, 2003). According to the Consumer Price Index Inflation Index, after an upward adjustment of 15.9% the reasonable rate for legal services in the Eastern District in 2005 would appear to be approximately $250 for partners, $150 for associates, and $60 for paralegals per hour.

## C. COSTS

The Court has reviewed the plaintiffs' request for costs and finds them all to be reasonable and reimbursable. *See Le-Blanc–Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir.1998).

## III. CONCLUSION

The Court now recalculates the fees to be awarded to plaintiffs' counsel.

| | |
|---|---:|
| Attorneys' Fees incurred prior to the appeal | $ 7,033.00 |

| | | |
|---|---:|---:|
| William Anspach, Esq. and Eugene S. Friedman, Esq. | 111.5 hours | |
| | Less 50% reduction | |
| | 55.75 hours @ $250 per hour = | $13,937.50 |
| Amie Ravitz, Esq., and Elise S. Feldman, Esq. | 220.25 hours | |
| | Less 50% reduction | |
| | 110.125 hours @ $150 per hour = | $16,518.75 |
| Elissa Podolsky, Cora MacLean, and Daniel Cohn | 10.75 hours | |
| | Less 50% reduction | |
| | 5.375 hours @ $60 per hour = | $ 322.50 |

| | |
|---|---:|
| The total amount of fees for the appeal | $30,778.75 |
| Net total Fees | $37,811.75 |

**354**

For all the foregoing reasons, it is hereby

**ORDERED**, that the plaintiffs are awarded total attorneys' fees in the amount of $37,811.75 and costs in the amount $4,913.14.

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED**.